## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ACE AMERICAN INSURANCE
COMPANY,

       Plaintiff,

v.                           Case No:  2:15-cv-629-FtM-99CM

AJAX PAVING INDUSTRIES OF
FLORIDA, LLC,

       Defendant/Third
       Party Plaintiff

ASPHALT MILLING SERVICES,
LLC,

     Third Party Defendant.

_____/

## ORDER

Before the Court is Defendant/Third Party Plaintiff's Motion for Clerk's Default Against Third Party Defendant, Asphalt Milling Services, LLC (Doc. 16), filed on January 5, 2016.   Third Party Defendant Asphalt Milling Services, LLC ("Asphalt Milling") has not filed a responded in opposition, and the time for doing so has expired.   Defendant/Third Party Plaintiff Ajax Paving Industries of Florida, LLC ("Ajax Paving") moves, pursuant Federal Rule of Civil Procedure 55(a), for entry of Clerk's default against Asphalt Milling for failure to respond to the Third Party Complaint.   For the reasons that follow, the motion is due to be granted.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).   Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process.   *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"   Fed. R. Civ. P. 4(h)(1)(A), (e)(1).   Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation.   A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director.   Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent.   *Id.* § 48.081(3)(a).   If service cannot be made on the registered agent, service of process is permitted on any employee at the corporation's principal place of business or any employee of the registered agent.   *Id.*

Here, the Return of Service (Doc. 17) states that on December 10, 2015, Ajax Paving's process server delivered a true copy of the Summons and Third Party Complaint upon Jack O'Connor as Manager for Asphalt Milling at 4285 S.W. 57th Terrace, Davie, FL 33314.  Doc. 17.  Affidavits by process servers constitute a *prima facie* showing that defendants have been served.  *Udoinyion v. The Guardian Security*, 440 Fed. Appx. 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012).  Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1); Fla. Stat. § 48.081(3)(a).

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Asphalt Milling has failed to do so within the time period; therefore, entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant/Third Party Plaintiff's Motion for Clerk's Default Against Third Party Defendant, Asphalt Milling Services, LLC (Doc. 16) is **GRANTED**.  The Clerk is directed to enter a Clerk's Default against Asphalt Milling Services, LLC.

**DONE** and **ORDERED** in Fort Myers, Florida on this 22nd day of January, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record