UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ACE AMERICAN INSURANCE
COMPANY,

      Plaintiff,

v.                                                    Case No: 2:15-cv-629-FtM-99CM

AJAX PAVING INDUSTRIES OF
FLORIDA, LLC,

      Defendant/Third
      Party Plaintiff

ASPHALT MILLING SERVICES,
LLC,

      Third Party Defendant.
_____/

# ORDER

This matter comes before the Court upon review of Third Party Defendant, Asphalt Milling Services, LLC's ("Asphalt") Motion to Compel Discovery Responses from Third Party Plaintiff/Defendant Ajax Paving Industries of Florida, LLC ("Defendant") (Doc. 43) filed on March 13, 2017. Asphalt seeks to compel Defendant to provide complete responses to Asphalt's discovery requests served on December 7, 2016 because Asphalt alleges that Defendant has not objected or responded to Asphalt's discovery requests. Doc. 43 at 1-2. Although Asphalt states that Defendant objects to the requested relief, Defendant has not responded to Asphalt's motion to compel. *Id.* at 3. Discovery closed on March 20, 2017. Docs. 39, 46.

Asphalt alleges that on December 7, 2016, it served interrogatories and requests for production of documents to Defendant, making Defendant's response due January 6, 2017. *Id.* at 1-2. Asphalt states that on January 5, 2017, Defendant's counsel requested a ten-day extension to provide Defendant's response to the discovery requests. *Id.* at 2. Asphalt states that on January 17, 2017, Defendant's counsel requested an additional two-week extension. *Id.* Asphalt alleges that when it requested an update on February 24, 2017 and sent a second request for outstanding discovery responses on March 2, 2017, Defendant's counsel responded that Defendant would serve its discovery response on March 7, 2017. *Id.* Asphalt asserts that despite Defendant's alleged promises to provide its response, Defendant has not objected or responded to Asphalt's outstanding discovery requests served on December 7, 2016. *Id.*

Rule 34 of the Federal Rules of Civil Procedure sets forth the procedures for obtaining access to documents and things within the control of the opposing party. Fed. R. Civ. P. 34. Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A request for production must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P.

34(b)(1)(A). The party to whom the request is directed must respond within thirty days after being served, and "for each item or category, . . . must state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2). Furthermore, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). When a party fails to produce documents as requested under Rule 34, the party seeking the discovery may move to compel the discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv).

Rule 33 of the Federal Rules of Civil Procedure allows a party to serve on another party written interrogatories that relate to "any matter that may be inquired into under Rule 26(b)" as outlined above. Fed. R. Civ. P. 33(a). A written response or objection to an interrogatory is due within thirty days after the service. Fed. R. Civ. P. 33(b)(2). An objection is waived if not made timely "unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(3). A party objecting to an interrogatory must state "with specificity" the grounds for such objection. Fed. R. Civ. P. 33(b)(4). Furthermore, "[a] party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive. . ." *Panola Land Buyer's Assn. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)). An evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). When a party fails to answer an interrogatory, the party seeking the discovery may move to compel the response.

Fed. R. Civ. P. 37(a)(3)(B)(iii). Whether or not to grant a motion to compel is at the discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

Upon a review of the requests for production of documents, the Court is satisfied that the documents requested are relevant to this proceeding and must be produced. Doc. 43-1 at 16-18. Moreover, the information that Asphalt seeks in each interrogatory is relevant and Defendant must respond. *Id.* at 6-10. To the extent that Defendant believes Asphalt's interrogatories are objectionable, Defendant waived its objections by not timely raising them. Fed. R. Civ. P. 33(b)(4). Furthermore, Defendant chose not to respond to the motion to compel. Not only does Defendant waive its objections, but failure to file a response to a motion creates a presumption that the motion is unopposed. *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012). As a result, Asphalt's motion to compel Defendant to produce any and all documents that are in Defendant's possession, custody, or control that are within the scope of the requests, and to provide full, complete, and comprehensive responses to the interrogatories is granted.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Third Party Defendant, Asphalt Milling Services, LLC's Motion to Compel Discovery Responses from Third Party Plaintiff/Defendant Ajax Paving Industries of Florida, LLC (Doc. 43) is **GRANTED.**

2. **On or before April 14, 2017**, Defendant Ajax Paving Industries of Florida, LLC shall produce any and all documents that are in its possession, custody, or control that are within the scope of the requests laid out in Asphalt Milling Services, LLC's motion (Doc. 43-1 at 16-18).

3. **On or before April 14, 2017**, Defendant Ajax Paving Industries of Florida, LLC shall provide full, complete, and comprehensive responses to the interrogatories laid out in Asphalt Milling Services, LLC's motion (Doc. 43-1 at 6-10).

4. If Defendant is unable to produce documents responsive to the requests or provide responses to the interrogatories, then Defendant must explain in reasonable factual detail the efforts that it made to obtain the requested documents and information and why it is unable to provide them. **Failure to comply may result in sanctions**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 31st day of March, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record